UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID HILTZ,<br>ARTHUR JOST,<br>MICHAEL MACHADO, and<br>TIMOTHY PALMER,<br>    Plaintiffs<br><br>V.<br><br>THE HAWK EYE FISHING CORP.,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>) |

PLAINTIFFS' COMPLAINT AND DEMAND FOR TRIAL

NOW COME the Plaintiffs in the above-entitled matter, and state as follows:

General Factual Allegations

1. The Plaintiff David Hiltz is a resident of Isle au Haut, Maine.

2. The Plaintiff Arthur Jost is a resident of Stuart, Florida.

3. The Plaintiff Michael Machado is a resident of East Freetown, Massachusetts.

4. The Plaintiff Timothy Palmer is a resident of Stuart, Florida.

5. The Defendant is a corporation organized and existing under the laws of the State of Delaware.

6. During 2008, the Defendant owned the F/V SEA HAWK.

7. During 2008, the Defendant operated the F/V SEA HAWK.

8. During 2008, the Defendant transacted business within the Commonwealth of Massachusetts.

9. During 2008, the Defendant transacted business within the Commonwealth of Massachusetts with respect to the ownership and operation of the F/V SEA HAWK.

10.     The Defendant regularly does or solicits business within the Commonwealth of Massachusetts.

11.     The Defendant engages in a persistent course of conduct of activities within the Commonwealth of Massachusetts.

12.     The Defendant derives substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

13.     During 2008, the Plaintiff David Hiltz was employed by the Defendant.

14.     During 2008, the Plaintiff Arthur Jost was employed by the Defendant.

15.     During 2008, the Plaintiff Michael Machado was employed by the Defendant.

16.     During 2008, the Plaintiff Timothy Palmer was employed by the Defendant.

17.     During 2008, the Plaintiff David Hiltz was employed by the Defendant as a seaman and a member of the crew of the F/V SEA HAWK.

18.     During 2008, the Plaintiff Arthur Jost was employed by the Defendant as a seaman and a member of the crew of the F/V SEA HAWK.

19.     During 2008, the Plaintiff Michael Machado was employed by the Defendant as a seaman and a member of the crew of the F/V SEA HAWK.

20.     During 2008, the Plaintiff Timothy Palmer was employed by the Defendant as a seaman and a member of the crew of the F/V SEA HAWK.

## Jurisdiction

21.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

22.     This is an admiralty claim within the meaning of Fed.R.Civ.P. 9(h).

## COUNT I

(GENERAL MARITIME LAW WAGE LOSS CLAIM)

23. The Plaintiffs reiterate the allegations set forth in paragraphs 1 through 21 above.

24. The Defendant has failed, refused, and neglected to make payment of the full wages due to the Plaintiffs for their work on the F/V SEA HAWK in the amount of $100,000.00.

25. The Plaintiffs have made demand for said wages and unreimbursed expenses upon the Defendant, but the Defendant has wrongfully and improperly refused to make payment for same.

26. This cause of action is brought under the General Maritime Law.

WHEREFORE, the Plaintiffs demand judgment against the Defendant in the amount of $100,000.00, together with punitive damages, interest and costs.

Respectfully submitted for
the Plaintiffs, by their attorney,

/s/ David J. Berg_____
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: March 22, 2010